Reese, J.
delivered the opinion of the court.
This is an action of covenant brought upon a .constable’s bond against his sureties for the official default of their principal, in failing to pay over rrionies collected by process in his hands. The defendants pleaded the statute of limitations of 1823, ch. 10, sec. 1, (Nic. & Car. 444,) which provides, that when any execution or other process shall be put in the hands of any sheriff, coroner or constable, and he shall return that the money is made on said execution, “it shall be the duty of him entitled to the money to commence suit therefor within three years after the end of the term of the court to which the execution was returned, or within three years from the return of the execution, should judgment be had before a Justice of the Peace or other tribunal, if a citizen of the State, and four years if not a citizen of the State. , And if the person entitled to el aim the money made on said execution, should neglect or fail to proceed in the time aforesaid, his right to recover the same of the sureties of said officers shall be forever barred.”
The court upon the trial, with regard to this statute, charged the jury, that it applied to cases only where the officer by his return shows the money to have been made on the process, and that it does not apply in cases of failure to return, or of insufficient'or false return. The only question in the case before us, is whether this charge is correct. And we think the construction of the court upon the statute, founded as it is upon *57 its very words and its obvious and plain meaning, is not only beyond all question correct, but, from the nature of the case, scarcely admits of aid from argument or illustration. Before the enactment of the statute, the sureties of the officers in question were liable, as in other cases at common law, until absolved by the presumption arising from the lapse of time, namely, sixteen years or more.
What is the extent of the change made by the statute?
It is where there is record evidence furnished. By the officer, the principal in the bond himself, that he has the money in his hands, and this evidence.has for thrée years been in the power or knowledge of the plaintiff, and he omits during all that time to sue, he shall not afterwards sue or recover from the sureties. The status upon which the statutory charge of laches against the plaintiff is based, and upon which the bar arises, is limited to this, to wit, the actual return of the process to the tribunal issuing it with the official endorsement thereon, showing the same to be satisfied, and the lapse of three years after such return without the institution of suit.
This is the very case, and the only case put by the statute, and the remedy can be extended to no other case. It was not intended to be, and ought not to be. Let the judgment be affirmed.